LONDON & SAN FRANCISCO BANK, Limited, v. PARKE & LACY MACHINERY CO. (BUDKE MANUF'G CO. Intervener).

(Circuit Court, D. Oregon. November 28, 1894.)

No. 2,153.

SET-OFF—LIEN—PERSONAL DEBT.

The B. Co. consigned goods to the P. & L. Co. upon an agreement that the P. & L. Co. should pay freight thereon, and, upon sale of the goods, account to the B. Co. for the price at which they were consigned. A receiver of the property of the P. & L. Co., having been appointed, took possession, among other things, of certain goods consigned under this agreement, on which the P. & L. Co. had paid $234.66 in freight. At the time the freight was paid the P. & L. Co. owed the B. Co. $2,000 on other consignments. *Held*, that the goods should be delivered by the receiver to the B. Co., and that if the B. Co. was under an obligation to pay the freight, as a condition precedent to its right of possession, it might be set off against the debt due the B. Co.

This was a suit by the London & San Francisco Bank, Limited, against the Parke & Lacy Machine Company. The Budke Manufacturing Company claimed a lien on certain goods held by the receiver, and prayed for an order for the delivery of the same.

Charles H. Woodward, for intervenor, Budke Manuf'g Co.

Wirt Minor, for receiver of the Parke & Lacy Machinery Co.

BELLINGER, District Judge. The petition of the Budke Manufacturing Company prays for the delivery to them of certain goods consigned by them to the Parke & Lacy Company, and now in the hands of the receiver. The goods were consigned to the Parke & Lacy Company upon the understanding that the consignee should pay all freight and storage charges, and, upon sale of the goods, should account to the consignor for the price at which they were consigned. The consignee paid freight to the amount of $234.66 upon the goods in question, which the receiver contends must be paid by the consignor before delivery can be had. At the time this freight was paid, the Parke & Lacy Company had in its hands, belonging to the Budke Company, over $2,000, proceeds of sales of other consigned goods, which sum has not been paid, and on account of which the latter company asks a set-off to the freight charges paid by the Parke & Lacy Company. The receiver contends that, inasmuch as the freight paid by the consignee company is not a debt of the consignor company, the right of set-off does not exist, and that, therefore, the Budke Company must pay him the amount so paid as freight by the Parke & Lacy Company before delivery of the consigned property can be had, notwithstanding the fact that the latter company is indebted to such consignor in a sum much larger than the freight claim. In other words, the contention is that, because Parke & Lacy could not have maintained an action against the Budke Company to recover a personal judgment for the freight advanced, the Budke Company cannot set off a debt due them from Parke & Lacy against the claim of the latter upon the goods of the Budke Company for freight. The payment of freight charges, which are a lien upon goods, by the owner, is not a voluntary payment. It is a debt which the owner must pay to protect his property, and, being thus obligated, he may discharge the lien with what is due him from the lienholder. The question of liability of the Budke Company to a personal judgment does not affect their right to apply their money in Parke & Lacy's hands in discharge of the latter's lien upon the former's goods. The debt of goods pledged is the debt of the owner, when he takes possession of the goods; and without this the owner may waive his personal exemption from liability, if he sees fit to do so. Neither the Parke & Lacy Company nor the receiver is prejudiced by the Budke Company's assumption of payment of this lien. The arrangement by which Parke & Lacy were to look to the goods for advances of freight was not for their benefit, but for the benefit of the consignor company, whose right to assume payment cannot be denied, and whose assumption of payment does not prejudice the company to whom payment is made. I doubt whether the Parke & Lacy Company or the receiver is entitled to have this freight paid, as a condition to the delivery of the goods to the consignors; the conditions upon which the consignment was made not having been complied with by the consignee, and it not appearing, so far, that there is any equitable ground upon which such payment can be demanded from them, as a condition precedent to their right of possession. The prayer of the petition of the Budke Company is granted.